# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| MARTIQUE L. KING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CV419-263 |
| | ) |
| OFFICER CONTRERAS ALAN | ) |
| and SOUTHERN DISTRICT | ) |
| OF GEORGIA, | ) |
| | ) |
| Defendants. | ) |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff Martique King applied for, doc. 2, and was granted *in forma pauperis* (IFP) status, doc. 3.  The Court has since become aware that he has on at least three prior occasions filed meritless actions while proceeding IFP.  The Court, therefore, **VACATES** its prior order granting leave to proceed IFP and **RECOMMENDS** that the motion be **DENIED** and the case **DISMISSED**.

Under the Prison Litigation Reform Act (PLRA), an indigent prisoner is barred from proceeding IPF after filing three meritless actions. 28 U.S.C. § 1915(g).  The provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  In 2011, plaintiff filed a series of seemingly retaliatory lawsuits against various officials and institutions related to his criminal prosecution and incarceration.  Several of these constitute strikes under § 1915(g).

In *King v. Sheriff Al St. Lawrence*, plaintiff sued the local sheriff in his role as jail supervisor.  *King v. Sheriff Al St. Lawrence*, CV4:11-187, doc. 1 (S.D. Ga. Aug. 1, 2011).  In dismissing the case, the Court found that plaintiff had failed to state a viable claim under 42 U.S.C. § 1983.  *Sheriff Al St. Lawrence*, CV4:11-187, doc. 6 (S.D. Ga. Nov. 2, 2011) *adopted* doc. 8 (Nov. 30. 2011).  Despite being a named defendant, no allegations were made against St. Lawrence.  *Id*. at 3.  The Court also found that the relief sought could only be pursued through 28 U.S.C. § 2241 as habeas, *id*. 3–4.

S*ee Critten v. Donald*, 2007 WL 3102161 (S.D. Ga. Oct. 22, 2007) (holding that dismissal of a complaint brought under § 1983 for failure to state a claim constitutes a strike under § 1915(g) even where the claim might be refiled as a habeas petition.).

In *King v. Stokes*, plaintiff sued the judge in his state criminal case, alleging that he committed perjury by improperly certifying that his waiver of a preliminary hearing was free and voluntary. CV4:11-188, doc 1 (S.D. Ga. Aug. 1, 2011). The remedy that he sought was for the federal courts to assume jurisdiction over the case. *Id*. at 2–3. In dismissing the case as frivolous and for failure to state a claim, the Court noted that plaintiff did not allege a deprivation of a right—as he was not entitled to a preliminary hearing having been indicted—and failed to support any allegation of misfeasance by the judge. *King v. Stokes*, 2011 WL4083608, at * 1 (S.D. Ga. Sep. 13, 2011) *adopted* 2011 WL4553070 (S.D. Ga. Sep. 27, 2011). The Court also noted that the relief sought could not be granted as it would require the impermissible interference with a state judicial action and any attempt to seek monetary relief would be barred by judicial immunity. *Id*. at 2.

In *King v. Ihrig*, plaintiff sued his public defender, alleging dishonesty, "improper and illegal behavior," and failure to provide adequate representation related to the waiver of his preliminary hearing. *King v. Ilhrig*, CV4:11-189, doc. 1 (S.D. Ga. Aug. 1, 2011). In dismissing the case, the Court found that plaintiff failed to state a claim upon which relief could be granted as public defenders are not state actors and, therefore, cannot be the subject of 28 U.S.C. § 1983 claims. *Ilhrig*, CV 4:11-189, doc. 7 at 3–4 (S.D. Ga. Nov. 2, 2011) *adopted* doc. 9 (Nov. 17, 2011).

In *King v. Grindle*, plaintiff also sued the prosecutor assigned to his criminal case, alleging prosecutorial misconduct related to pursuing his prosecution as punishment for a prior crime. *King v. Grindle*, CV4:11-199, doc. 1 (S.D. Ga. Oct. 8, 2011). In dismissing the case for failure to state a claim, the Court observed that plaintiff's requested relief was not available as it would require the intervention of the federal courts in an ongoing state criminal matter or must be sought though a habeas action. *Grindle*, CV4:11-199, doc. 7 at 3–6 (S.D. Ga. Nov. 2, 2011) *adopted* doc. 9 (Nov. 30, 2011).

In *King v. Eastern Judicial Circuit of Georgia*, plaintiff alleged that an entire state judicial circuit conspired to detain him without a preliminary hearing or probable cause determination. *King v. E. Judicial Circuit of Georgia*, CV4:10-250, doc. 1 at 5 (S.D. Ga. Oct. 11, 2011). In dismissing the complaint for failure to state a claim upon which relief could be granted, the Court found that plaintiff not only failed to overcome the hurdle of sovereign immunity but, in fact, raised nothing more than unsupported conclusory allegations. *E. Judicial Circuit of Georgia*, CV4:10-250, doc. 6 at 2–5 (S.D. Ga. Nov. 9, 2011) *adopted* doc. 9 (Nov. 30, 2011).

As plaintiff has accumulated at least tree prior strikes, he may only proceed with this case by alleging an "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To qualify for this exception, a plaintiff must allege more than a speculative or generalized risk. *See Sutton v. Dist. Atty's Office*, 334 F. App'x. 278, 279 (11th Cir. 2009) (general assertions of risk are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." (internal quotation omitted)); *see also Abdullah v. Migoya*, 955 F. Supp.

2d 1300, 1307 (S.D. Fla. 2013) ("A plaintiff must provide the court with specific allegations of present imminent danger indicating that a serious physical injury will result if his claims are not addressed."). Plaintiff has not alleged that he is in imminent danger and the Court struggles to image how imminent physical injury might exist in an unlawful arrest claim.

As plaintiff is barred from proceeding IFP by § 1915(g) and has failed to established that he should be excepted from the prohibition, the Court **VACATES** its prior grant of IFP status and **RECOMMENDS** that the motion be **DENIED**. Having filed three meritless claims, plaintiff "must pay the full filing fee at the time he initiates suit" in order to bring future cases before the Court. Therefore, it is **RECOMMENDED** that the Complaint be **DISMISSED WITHOUT PREJUDICE**.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections

should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 8th day of December, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA